■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER MANFREDI, Appellant. [743 NYS2d 325] —Crew III, J.P. Appeals (1) from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered December 6, 1996, convicting defendant upon his plea of guilty of the crimes of promoting a sexual performance by a child, endangering the welfare of a child and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered June 10, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On June 14, 1996, the police executed a search warrant at a residence in the Town of Whitehall, Washington County, owned by Daisy Manfredi in which defendant, his son, Randy Kern, and his son's friend, Russell Loveless, resided. While searching for weapons described in the warrant, Kern and Loveless told the police that they were buried in a wooded area behind the house. Because the warrant did not include the unimproved adjoining parcel, a consent to search was obtained from Kern and Loveless. The subsequent search revealed a sawed-off shotgun and rifle, as well as numerous photographic negatives that proved to be lewd photographs of females under the age of 16. Consequently, defendant was indicted and charged in 16 counts with promoting a sexual performance of a child, endangering the welfare of a child, unlawfully dealing with a child and criminal possession of a weapon.

Following a *Mapp* hearing, at which County Court denied defendant's motion to suppress the physical evidence, defendant pleaded guilty to three counts of the indictment in full satisfaction thereof and was sentenced to $3^{1}/_{2}$ to 7 years' imprisonment on one count and 2 to 4 years' imprisonment on the other two counts, said sentences to run consecutively to one another. Thereafter, defendant made a CPL 440.10 motion to vacate the judgment of conviction, which was denied without

a hearing. Defendant now appeals from the judgment of conviction and, by permission of this Court, from the denial of his CPL 440.10 motion.

We affirm. Defendant asserts that trial counsel was ineffective in not calling certain witnesses to the stand at the *Mapp* hearing, to wit, Manfredi and Kern. We disagree. The record makes plain that their testimony would have established beyond peradventure that defendant lacked standing to object to the search, thus depriving him of any hope of success at the hearing. We have considered defendant's remaining contentions and find them equally without merit.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment and order are affirmed.